# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KELLY LEE POWELL,

                Petitioner,

v.                                                                                             Case Number: 09-CV-14249
                                                                                                Honorable Denise Page Hood

MARY BERGHUIS,

                Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S REQUEST TO STAY HABEAS CORPUS PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

Petitioner Kelly Lee Powell, a Michigan state inmate currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. (Dkt. # 1.) On November 7, 2006, following a jury trial in the Oakland County, Michigan, circuit court, Petitioner was convicted of home invasion, second degree, MICH. COMP. LAWS § 750.110A3. He was subsequently sentenced, as a habitual offender, to ten to twenty years in prison. Before the Court now is his "Request to Stay and Abey Federal Habeas Corpus Proceedings" [dkt. # 2]. In his request, Petitioner claims that the issues presented to the state courts are meritorious, and is therefore asking the Court's permission to stay these proceedings until the state courts have ruled on his post conviction motion. For the reasons set forth below, the Court **GRANTS** Petitioner's request and therefore stays the habeas-corpus proceedings.

I.

Following his conviction and sentence, Petitioner filed an appeal of right with the Michigan Court of Appeals, presenting the following claims: (1) trial court erred in denying his motion for directed verdict; (2) insufficient evidence; (3) cruel and unusual punishment; and (4) ineffective assistance of counsel.  On March 27, 2008, the Michigan Court of Appeals, in a published opinion, affirmed his conviction and sentence.  *People v. Powell*, 278 Mich.App. 318, 750 N.W.2d 607 (2008).

Subsequently, Petitioner filed an application for leave to appeal that decision with the Michigan Supreme Court, raising the same claims as raised in the Court of Appeals.  The Michigan Supreme Court denied the application on September 9, 2008.  *People v. Powell*, 482 Mich. 974, 754 N.W.2d 893 (2008).

Following, Petitioner filed a post conviction motion in state court, which remains pending.  He filed the present habeas petition on October 29, 2009.

## II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal-constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.

2

1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich.Ct.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich.Ct.R. 6.508(D)(3). However, he would have to make a similar showing here, if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

A federal district court has the authority to abate or dismiss a habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas petition in abeyance pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district

court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state-court remedies).

Having considered the matter, the Court finds that it is appropriate to stay this case, as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking habeas relief due to the application of the one-year statute of limitations. *Id.* at 276. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277.

In this case, Petitioner has shown the need for a stay. It appears from Petitioner's pleadings that his claims are potentially meritorious and therefore those claims should be addressed to, and considered by, the state courts in the first instance, so the state courts will have an opportunity to decide whether those claims have merit. Additionally, the Court recognizes that the one-year limitations period applicable to this habeas action poses a problem for Petitioner if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1).

### III.

Accordingly, **IT IS ORDERED** that further proceedings in this case are stayed pending exhaustion of state-court remedies. The case shall be stayed provided that (1) Petitioner presents his unexhausted claims to the state court, if he has not done so already, within sixty (60) days from the date of this order, and (2) Petitioner returns to this Court to request that the stay be lifted within

sixty (60) days of exhausting state-court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 25, 2009

I hereby certify that a copy of the foregoing document was served upon Kelly L. Powell, Reg. No. 180998, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Rd., Muskegon Heights, MI 49444 and counsel of record on November 25, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager