## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KELLY POWELL,

      Petitioner,                                 Case No. 09-14249
                                                      Honorable Denise Page Hood

v.

MARY BERGHUIS,

      Respondent.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION,
## ORDER DISMISSING ACTION,
## ORDER GRANTING LIMITED CERTIFICATE OF APPEALABILITY,
## and
## ORDER ALLOWING TO PROCEED *IN FORMA PAUPERIS* ON ANY APPEAL

## I.    INTRODUCTION

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation dated January 3, 2012 [Doc. No. 13]. Petitioner Kelly Powell filed Objections to the Report and Recommendation on February 24, 2012. The Objections raise four issues: 1) sufficiency of evidence (Claims I and II); 2) Confession (Claim VI); 3) Ineffective Assistance of trial and appellate counsel; and, 4) Denial of Verdict.

Petitioner was convicted of second degree home invasion, in violation of MCLA 750.110a(3) following a jury trial in the Oakland County Circuit Court, State of Michigan, on November 7, 2006. Petitioner was sentenced to a term of 10-20 years' imprisonment, as a fourth habitual offender. Petitioner filed an appeal as of right to the Michigan Court of Appeals, which was denied in 2008. The Michigan Supreme Court denied Petitioner's application for a leave to appeal in a standard order in 2008. Petitioner filed a motion for relief from judgment before the trial court which was

denied by the trial court on September 11, 2009.  Petitioner filed the instant application for a writ of habeas corpus on October 29, 2009, which was stayed on November 29, 2009 so that Petitioner could complete exhaustion of the claims before the state court.  The Michigan Court of Appeals and Supreme Court denied Petitioner's applications for leave to appeal.  Petitioner filed a motion to lift the stay before this Court which was granted on June 10, 2011.  An Amended Petition was filed on May 3, 2011.

## II.   APPLICABLE LAW & ANALYSIS

### A.   Standard of Review

The standard of review to be employed  by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.*

In order to have preserved this right to appeal the Magistrate Judge's recommendation, Petitioner was obligated to file objections to the Report and Recommendation with in fourteen days of service of copy, as provided in Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### B.   Report and Recommendation

The Magistrate Judge recommends that the Court should conclude that Petitioner is not entitled to habeas relief on his sufficiency of the evidence in Claims I and II.  Claim I asserts that

2

the condemned home could not constitute a "dwelling" under the home invasion statute and Claim II alleges that there was sufficient evidence to establish "intent."  The Court agrees with the Magistrate Judge that as to Claim I, the interpretation of the statute is not subject to challenge on habeas review and that the prosecution presented sufficient evidence to establish that the house at issue was a "dwelling" under the home invasion statute.  As to Claim II, the Court agrees with the Magistrate Judge that there was sufficient evidence to show Petitioner's "intent" to commit larceny in the dwelling.  Petitioner's Objections to Claims I and II are overruled.

In Claim III, Petitioner asserts that his sentence of 10-20 years' imprisonment is disproportionate to the offense and amounts to cruel and unusual punishment under the Eighth Amendment.  The Court agrees with the Magistrate Judge that the sentence does not violate the Eighth Amendment given Petitioner was sentenced as a fourth habitual offender and had an extensive criminal history.  Petitioner did not objection to this portion of the Report and Recommendation.

The Court agrees with the Magistrate Judge that Petitioner was not deprived of the effective assistance of both trial and appellate counsel in Claims IV and V.  Petitioner has not carried his burden that trial counsel's performance was deficient and that Petitioner was prejudiced by counsel's performance.  Petitioner has not shown that there was sufficient ground to suppress the statements he made to the police.  Petitioner also has not carried his burden to show that appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claim on direct appeal.  Petitioner's Objections on Claims IV and V are overruled.

Claim VI asserts that the trial court improperly admitted his confession.  The Court agrees with the Magistrate Judge that Petitioner cannot show that the statement he made to the police was

3

involuntary or taken in violation of his *Miranda* rights. Petitioner did not object to this portion of the Report and Recommendation.

The Court agrees with the Magistrate Judge that Petitioner's Cumulative Error allegation in Claim VII does not entitle him to habeas relief since none of Petitioner's claims establish constitutional error. Petitioner did not object to this portion of the Report and Recommendation.

Petitioner objects to the Magistrate Judge's findings regarding the trial court's denial for directed verdict. This issue was addressed by the Magistrate Judge in Claim I regarding the issue of whether the alleged condemned home at issue constitute a "dwelling" under the home invasion statute. For the reasons set forth above, the Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on the issue that the trial court erred in denying his motion for directed verdict. Petitioner's Objections on the directed verdict issue are overruled.

### C.      Certificate of Appealability

The Court agrees with the Magistrate Judge that a Certificate of Appealability should not issue in this case, except on the issue of disproportionate sentence in Claim III. The Antiterrorism and Effective Death Penalty Act, Section 2253 states, "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons set forth above and in the Report and Recommendation, Petitioner has failed to make a substantial showing that his constitutional rights were violated, but reasonable jurists may find that Petitioner's sentence was disproportionate to Petitioner's convicted crime, even as a fourth habitual offender.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Paul J. Komives' January 3, 2012 Report and Recommendation [**No. 13**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability issue as to the disproportionate sentence claim only.

IT IS FURTHER ORDERED that Petitioner may file an appeal *in forma pauperis*, without prepayment of fees.


S/Denise Page Hood
             Denise Page Hood
             United States District Judge

Dated:  February 29, 2012

I hereby certify that a copy of the foregoing document was served upon Kelly Powell, 180998, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 and counsel of record on February 29, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
             Case Manager