UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY POWELL,

    Petitioner,

                                    Case No. 09-CV-14249

v.

                                    HONORABLE DENISE PAGE HOOD

MARY BERGHUIS,

    Respondent.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

        This matter is before the Court on Petitioner Kelly Powell's Motion for Reconsideration of the Court's Judgment and Order denying his Petition for Writ of Habeas Corpus. On February 29, 2012, a Judgment and Order accepting the Magistrate Judge's Report and Recommendation was entered. Petitioner timely filed the instant Motion for Reconsideration on March 26, 2012 pursuant to the prison mail box rule.

        An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument are permitted unless the court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons

> entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 395 (6th Cir. 2007).

Petitioner asserts that the Court failed to address Petitioner's Objection as to Claim VI relating to his confession. The Court's Order accepting the Report and Recommendation did address Petitioner's Objections regarding Claim VI. (See 2/29/2012 Order, pp. 3-4) The Court noted that Petitioner did not object to "this" portion of the Report and Recommendation. In his Objections, Petitioner merely indicated that he showed evidence of interrogation on the scene of the crime. Petitioner did not object to the Magistrate Judge's analysis regarding *Miranda v. Arizona,* 384 U.S. 436 (1966) and its applicability to the facts in Petitioner's case. Petitioner's motion merely re-hashes the arguments he previously raised. Accordingly,

IT IS ORDERED that Petitioner's Motion for Reconsideration (**Doc. No. 19, filed April 2, 2012**) is DENIED.

Dated: May 17, 2012  S/Denise Page Hood
Denise Page Hood
United States District Judge

10-14155 Powell v. Berguis
Order Denying Motion for Reconsideration

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon Kelly Powell, 180998, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 counsel of record on May 17, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager